```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EUGENE BROWN,

                Plaintiff,                          ORDER
                                                    19-CV-03792 (DG) (JMW)
        -against-

NORTHRIDGE CONSTRUCTION CORP, et al.,

                Defendants.
---------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

Defendants Northridge Construction Corp. and Timothy Kaywood (collectively the "Northridge Defendants") in this employment discrimination action have moved to compel the production of a settlement agreement entered into in this action by Plaintiff Eugene Brown and Defendant Avitus Inc. (DE 37.) The settlement agreement contains a confidentiality clause. However, that agreement was neither "so ordered" by the Court, nor the product of a confidential mediation that was directed by the Court. According to the letter motion (DE 37), counsel for Avitus has objected to its production based upon a confidentiality provision in the settlement agreement.[1]

"Settlement agreements and negotiations are not protected from disclosure as privileged." *Gov't. Emps. Ins. Co. v. Cean*, 19-CV-2363 (PKC) (SMG), 2020 WL 9812909, at *1 (E.D.N.Y. Nov. 12, 2020) (citation omitted). The majority view is that no heightened showing of relevance is required to justify settlement agreement disclosure. *Id.* (citing cases). The heightened standard—as articulated in *In re Teligent*, 640 F.3d 53 (2d Cir. 2011)—applies to

---

[1] The Court notes that no formal objection or opposition of this motion has been filed with the Court by anyone, let alone Avitus. Simply because no one to the litigation objects, the Court nevertheless must consider the public's interest.

situations in which there may have been a prior court promise of confidentiality (either in directing mediation or court-approved settlement), and not to settlement agreements (1) between parties *without* court involvement and (2) with a private promise to maintain its confidentiality. *See Rocky Aspen Mgt. 204 LLC v. Hanford Holding LLC,* 394 F. Supp.3d 461, 463–64 (S.D.N.Y. 2019). To be entitled to discovery of a settlement agreement, the party seeking disclosure of the agreement must simply make a minimal showing that its production is likely to lead to the discovery of other relevant evidence. *See Rates Tech. v. Cablevision Sys. Corp.*, No. 05–CV–3583 (DRH)(WDW), 2006 WL 3050879, at *3 (E.D.N.Y. Oct. 20, 2006); *Salgado v. Club Quarters. Inc.*, No. 96CIV.383(LMM)(HBP), 1997 WL 269509, at *1 (E.D.N.Y. May 20, 1997). Furthermore, confidentiality provisions in an agreement cannot be used to shield a settlement agreement from discovery. *Griffin v. Mashariki*, No. 96 CV 6400 (DC), 1997 WL 756914, at *2 (S.D.N.Y. Dec. 8, 1997) (citing *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977)); *see also Levick v. Maimonides Med. Ctr.*, No. 08 CV 03814(NG), 2011 WL 1673782, at *3 (E.D.N.Y. May 3, 2011).

The Northridge Defendants contend that "the settlement agreement between Plaintiff and [Defendant] Avitus is relevant to the claims and defenses being asserted, as it bears directly on the amount of damages that Plaintiff is claiming in this case and confirms the scope of the intended release. (DE 37.) The Court agrees. *See Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, CV 12-6383, 2016 WL 4703656, at *7 (E.D.N.Y. Sept. 7, 2016) ("[W]here any such settlement was reached, the amount of any offset / recoupment bears directly on the amount of damages Plaintiff is claiming in this case and is thus relevant to the claims and defenses being asserted. Therefore, Defendant should have the opportunity to verify the nature and extent of any such agreements or otherwise establish, through such production, what monies have been paid to

Plaintiff by defendants concerning the claims at issue."). Accordingly, the Northridge Defendants' unopposed motion to compel is GRANTED. Plaintiff Brown and Defendant Avitus Inc. are directed to produce the settlement agreement to the Northridge Defendants on or before July 9, 2021.

Dated: Central Islip, New York
July 2, 2021

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge